UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **LLOYD A. CAMPO, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 02-3690** |
| **JOHN FAYARD FAST FREIGHT, INC d/b/a JOHN FAYARD FASTWAY SYSTEMS, JOHN FAYARD LEASING, INC., KNIGHT TRANSPORTATION GULF COAST, INC., KNIGHT TRANSPORTATION, INC., LUFKIN INDUSTRIES, INC. d/b/a LUFKIN TRAILERS and CHARLES E. WASH** | **SECTION "T" (1)** |

Before the Court is a Motion for Summary Judgment (Doc. 82) filed on behalf of the Defendant, Lufkin Industries, Inc. d/b/a Lufkin Trailers ("Lufkin"). The parties waived oral argument and the matter was taken under submission on July 27, 2005. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.    BACKGROUND**

The plaintiff has brought three separate products liability causes of action against Lufkin. Lufkin asserts that it is entitled to summary judgment as to all or some of the causes of action

pertaining to design, manufacturing and/or failure to warn.

## II.    LAW AND ANALYSIS OF THE COURT

### A. Law on Rule 56 Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.[2]   When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."[3]

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."[4]  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome

---

[1] FED. R. CIV. P. 56(c).

[2] *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

[4] *Id.* at 588.

of the suit under the governing law will properly preclude the entry of summary judgment."[5]

  **B.**  **Analysis of the Court**

  First**,** Lufkin contends that the plaintiff must show that an alternative design existed capable of preventing claimant's damages. *Theriot v. Danek Medical, Inc.,* 168 F.3d 253 (5th Cir. 1999). This Court finds persuasive Lufkin's argument that no evidence suggesting alternative design has been offered, and therefore, summary judgment should be granted in favor of Lufkin dismissing the cause of action asserting a design defect pursuant to R.S. 9:2800.56

  Next, Lufkin argues that the cause of action for failure to warn should be dismissed because as the manufacturer, it had no duty to warn Campo since Lufkin sold the trailer/bumper to Fayard/Knight. Further, Lufkin asserts that any conceivable duty to Campo is negated by the open and obvious nature, in that a driver who runs into the rear of a trailer is going to sustain injuries. In addition, it contends that it doesn't owe any duty to warn Campo, only Fayard/Knight, who has not filed any claim related to this cause of action against Lufkin.

  The plaintiff argues that Lufkin had a duty to make known to Fayard/Knight that only "specifically detailed repair procedures would result in a safely mended" RUG. See *Hooker v. Super Products Corp*., 98-1107 (La. App. 5 Cir. 6/30/99), 751 So.2d 889, 907, *writs denied*, 99-2911, 99-2947 (La. 12/17/99), 751 So.2d 880, 884. Richard Gilley testified that the RUG involved in the accident appears to have been a replacement part purchased from Lufkin.[6] At the time the trailer was manufactured., the Federal Motor Carrier Safety Act, 49 CFR 393.86, provided that the RUG must be substantially constructed and firmly attached. Lufkin admits at

---

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6]Richard Gilley's deposition, p.25.

page 5 of its Memorandum in Support, that the 1996 Lufkin trailer/RUG involved in the accident was manufactured in accordance with the pending requirements contained in the Federal Motor Vehicle Safety Standards.  Those standards also provide:

> 5.5 Installation Instructions.  The manufacturer of rear impact guards for sale to vehicle manufactures shall include with each guard printed instructions in English for installing the guard, as well as a diagram of schematic depicting proper guard installation...

Lufkin failed to provide the required Installation Instructions with the RUG that it sold on the open market.  In addition, the plaintiff asserts, and this Court acknowledges, that Fayard/Knight has filed a cross-claim (Doc. 11) against Lufkin alleging that it is entitled to full indemnification, defense and costs, arguing that it did not modify the rear impact guard since it purchased the trailer from Lufkin in 1996.  Lufkin filed a Rule 12(b)(6) motion to dismiss the cross-claim (Doc. 12), which was denied by this Court on September 26, 2003 (Doc. 18). Accordingly, there are genuine issues of material fact which preclude the granting of summary judgment with respect to the cause of action for failure to warn.

Finally, the defendant contends that the cause of action pertaining to construction or composition should be dismissed, as there is no evidence that the RUG deviated in any way whatsoever from Lufkin's production standards or from Lufkin's otherwise identical products. In response to this argument, the plaintiff relies on testimony from Robert Maharrey, Lufkin's current Chief Engineer of the Trailer Division, who testified that the RUG involved in the accident "performed in a manner different from what [Lufkin] expected" based on independent compliance testing that was performed on the RUG.[7]  The MGA testing showed that in response

---

[7] Robert Mahharey's June 8, 2005 deposition, pp. 49-50.

to an impact on the RUG like the impact in the accident sued on, the outboard driver side vertical member would not become detached before driving the gusset into the underside of the trailer and fracturing the aluminum chassis rail at that location.[8]  Yet, Mr. Maharrey admitted that in the accident sued on, the outboard driver side of the vertical member became, at least, partially detached and therefore did bit fracture the aluminum chassis rail.[9]  This detachment suggests that the connection between the outboard driver side vertical member and the underside of the trailer was not as substantial as it would have been as originally installed by Lufkin.[10]  The plaintiff argues that the failure of the RUG to conform to the MGA compliance testing is conclusive evidence that the RUG deviated in a material way from the design standards.

In order for Lufkin to be relieved of liability for the defective condition of the RUG, there must be no genuine issue of material fact as to whether the RUG was altered, modified or repaired after it left Lufkin's control.  As this Court pointed out in the ruling denying Knight/Fayard's Motion for Summary Judgment, "there is no direct evidence as to whether the RUG on this trailer was altered after if left Lufkin's control," and based on the records provided by Knight/Fayard, "there is no evidence of any work performed on the RUG prior to the accident."[11]  This precludes summary judgment in favor of Lufkin because if no work was performed on the RUG prior to the accident, Lufkin is responsible for the defective condition of the RUG.  For this reason, along with others enumerated by the plaintiff, this Court finds that

---

[8] Robert Mahharey's August 24, 2004 deposition, p.19-25.  See also Mahharey's June 8, 2004 deposition, pp. 62-64.

[9] Robert Mahharey's June 8, 2004 deposition, pp. 62-64.

[10] Robert Mahharey's August 24, 2004 deposition, p.19-25.

[11] May 13, 2004 Order of this Court.

there are genuine issues of material fact which preclude the granting of summary judgment with respect to the cause of action pertaining to construction or composition.

Accordingly,

**IT IS ORDERED** that the Motions for Summary Judgment filed on behalf of the Defendant, Lufkin Industries, Inc. d/b/a Lufkin Trailers, be and the same is hereby **GRANTED in part** and **DENIED in part.**

New Orleans, Louisiana, this 2nd day of August, 2005.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**